IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

**FILED**

MARGARET C. DURANT
4430 Manorview Road
Baltimore, MD 21229

JUL 24 2013

    PLAINTIFF

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

v.                                       *

**KOHL'S DEPARTMENT STORES, INC**    *    Civil Case: CAL13-21759
13600 Woodale Drive
N54 W                                  *
Menomonee Falls, WI 53051
                                       *

Serve: Corporate Creations Network, Inc
2 Wisconsin Circle #700            *
Chevy Chase, Maryland 20815
                                       *

    DEFENDANT
AND                                *

JOHN OR JANE DOE                  *
**KOHL'S DEPARTMENT STORES, INC**
13600 Woodale Drive, N54 W      *
Menomonee Falls, WI 53051
                                       *

    DEFENDANT
*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT AND PRAYER FOR JURY TRIAL

Margaret Durant "Plaintiff" (hereinafter "Durant"), by her attorneys, KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., sues Kohl's Department Stores., Defendants. Plaintiff adopts all prior complaints filed herein and state:

### COUNT I- NEGLIGENCE

1.    Plaintiff Margaret Durrant is a resident of Baltimore City, Maryland.

2.    Defendant, Kohl's Department Stores, Inc.,"Kohl's" is a clothing department store chain that has stores throughout the state of Maryland, including Prince George's County.

1

3. John 'Doe /Jane Doe is a possible agent, servant or employee of Kohl's Department Store responsible for the defective condition on the Defendant Kohl's Department Store premises that caused injury to the Plaintiff.

4. At all times relevant herein, Plaintiff Durant was a customer/business invitee on the premises of Defendant Kohl's at Prince George's County location, which was located at 12024 Cherry Hill Rd, Silver Spring, MD 20904.

5. At all times relevant hereto, Plaintiff conducted herself in a safe, careful and vigilant manner and exercised due care for her own safety and was not in any way contributory negligent.

6. On July 30, 2013, Plaintiff Durant was shopping inside of Kohl's Department Stores. Plaintiff completed her shopping and was walking towards the front of the store to get in line for the cashier to pay for her purchases. Ms. Durant stood in the aisle waiting for her turn to approach the checkout area. As she proceeded to the register there was a clothing rack that had legs extended out into the aisle. Ms. Durant was look ahead and as she stepped forward her left foot became entangeled in the leg of the clothing rack causing her to fall striking body on the floor. As a result of the fall on the floor in Defendants premises, Plaintiff was caused to suffer serious injuries to her body. Plaintiff's fall occurred in the public area of Defendants premises. Plaintiff was not contributory negligent.

7. Defendants had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee.

8. Defendant, was responsible for insuring that its property was safe for all customers entering upon its premises.

9.  Plaintiff Durant did not know that there was an obstruction on the floor and neither was she warned of the possibility. Plaintiff Wilkins was a business invitee on the Defendants property. Kohl's had a duty to maintain the safety of its property for its patrons and to protect them from any possible injury. On the aforementioned date and time of the incident, Defendants knew or should have known of the item which Plaintiff was caused to trip and fall, and that this created a dangerous hazardous condition. Moreover, Defendants knew or should have known of the potential danger it presented to Plaintiff as well as other invitees of its establishment, but took no action to limit or eliminate the danger.

10. Defendant breached this duty of care by failing to keep an isle where it's customers are expected to traverse free of items that could cause them to trip and fall. Kohl's had a further duty to inspect its floors and walkways and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

11. As a result of Kohl's Department Store's negligence, and that of it's agent, servant and/or employee Plaintiff Durant has suffered emotional, financial and physical damages. Plaintiff Durant has suffered injuries to her left hip and head. Plaintiff will continue to suffer the physical damage as she may have suffered a permanent injury to her left hip.

12. Specifically, Defendant breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the premises; (c) failing to keep the floor in a dry and safe condition; (d) failing to warn Plaintiff, a business invitee, of the defect; and (e) failing to correct the hazardous and dangerous defect.

**COUNT II- RESPONDEAT SUPERIOR**

13. Plaintiff incorporates the foregoing paragraphs one to 11 by as if herein restated for reference.

14. The Plaintiff injuries were directly and proximately caused by the negligent acts of Defendant Khol and/or their agents, who were acting within the scope of their employment with Kohls and caused the clothing rack to be placed in the path of the Plaintiff. Under Maryland Law, Defendant Kohl's is vicariously liable for all negligent acts committed by its employee(s).

WHEREFORE, Plaintiff Durant demands judgment against Defendant Kohn's and its servant agent or employee jointly severally liable in the amount Five Hundred Thousand Dollars ($500,000.00), plus attorney's fees, prejudgment and post judgment interest and cost.

Respectfully submitted,

**KIM PARKER, ESQUIRE**
**COUNSEL TO PLAINTIFF**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621, Office
(410) 234-2612, Facsimile
Email: kp@kimparkerlaw.com

**PRAYER FOR JURY TRIAL**

Plaintiff respectfully prays for a jury trial in this matter on all counts herein stated in her Complaint.

Kim Parker, Esq.

4