IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| **MARGARET DURANT** | : | |
| PLAINTIFF | : | |
| | : | |
| Vs. | : | Case No.: 8:13-cv-03703-PJM |
| **KOHL'S,** *et al* | : | |
| DEFENDANT | : | |
| | : | |

## PLAINTIFF'S MOTION TO REMAND CASE TO CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

NOW COMES, Margaret Durant, "Plaintiff", by her attorneys KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and files this Motion to Remand Case to Circuit Court for Prince George's County Maryland, in support thereof state:

1. Plaintiff filed the instant case on July 24, 2013, in the Circuit Court of Maryland for Prince George's County as a result of injuries she sustained as a result of the negligence of the Defendant and its agents.

2. On December 30, 2013, the Defendant removed the instant matter to this court on the basis of Federal Question.

3. Simultaneously with the filing of this Motion, Plaintiff has filed an Amended Complaint removing the inadvertently included Federal ADA verbiage. Specifically, it was Plaintiff's intent to include claims under *Article 49B* of the Maryland Code and not the Americans with Disabilities Act (ADA). The Amended Complaint removes any such references to the ADA.

4. In deciding whether to exercise jurisdiction over pendent state-law claims, a district court should "consider and weigh in each case and at every stage of the litigation, the

values of judicial economy, convenience, fairness and comity ….." *Cahill*, 484 U.S. at 350. Where all federal–law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims. Id & 350 n.7.

5. The Plaintiff's Amended Complaint removes all federal questions and accordingly based upon the Court's decision in *Cahill*, the Court should remand the case *sub judice* to the Circuit Court for Prince George's County Maryland. Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. *Mulcahey v. Columbia Organic Chems. Co*., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Id.

6. When an action is removed from state court, a federal district court is required to first determine whether it has original jurisdiction over the plaintiff's claims. The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Maryland Stadium Authority v. Ellerbe Becket Incorporated*, 407 F.3d 255, 260 (4th Cir.2005), citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). If federal jurisdiction is doubtful, a remand to state court is required. *Maryland Stadium*, 407 F.3d at 260.

7. Furthermore, it should be noted that this litigation is in its early stages and there is no indication that it would be inconvenient to resolve this matter in state court. Cf. *Cohill*, 484 U.S. at 350 n. ("[I]n the usual case in which all federal-law claims are

eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

8. Interests in comity, convenience and judicial economy will be served by the Granting of this Motion

For the foregoing reasons, the Plaintiffs request that this Court remand this case to the Circuit Court for Prince George's County Maryland, without costs to Plaintiff.

                              Respectfully Submitted,

                              MARGARET DURANT

By:    /s/ Kim Parker_____
Kim Parker, Esquire
Federal Bar No.: 23894
LAW OFFICE OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621 Office
410-234-2612 Facsimile
kp@kimparkerlaw.com , email

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Motion to Remand was mailed first class mail postage prepaid or by electronic mail on this **19th** day of **January ,2014** to:

Edward M Buxbaum, Esq
Erin O Brien Millar, Esq

*Via the Court's Electronic Filing System*

                               /s/ Kim Parker_____
                              **Kim Parker, Esq.**
                              COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT OF MARYLAND

_____

**MARGARET DURANT** :

    P<small>LAINTIFF</small> :

  :

Vs. : <u>Case No.: 8:13-cv-03703-PJM</u>

**KOHL'S,** *et al* :

    D<small>EFENDANT</small> :

_____ :

**ORDER**

**UPON CONSIDERATION** of Plaintiff's Motion to remand, and any opposition thereto, it is hereby this _____ day of _____ 2014:

**ORDERED** that Plaintiff's Motion be and is hereby GRANTED, and it is

**FURTHER ORDERED** _____

_____

_____ **SO ORDERED.**

_____
**JUDGE PETER J. MESSITTE**