UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| MARGARET DURANT | * |
| Plaintiff | * |
| v. | * Civil Case No.: 8:13-cv-03703-PJM |
| KOHL'S DEPARTMENT STORES, INC. *et al.* | * |
| Defendants | * |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendants, Kohl's Department Stores, Inc. ("Kohl's") and Todd Lockwood, by and through their undersigned counsel, hereby submit this Opposition to Plaintiff's Motion to Remand, and state as follows:

## PROCEDURAL HISTORY

On July 24, 2013, Plaintiff, Margaret Durant ("Plaintiff") filed a Complaint in the Circuit Court for Prince George's County, Maryland alleging that she sustained extensive and permanent injury while patronizing Defendant's store. Thereafter, on December 20, 2013, Plaintiff amended her complaint, adding several Counts, including Count Three, which purports to assert a cause of action for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). ECF No. 7. The allegations set forth in Count Three contain multiple references to the ADA, its provisions and the Defendant's alleged violations thereof. ECF No. 7 at p. 4-5. In light of the Plaintiff's decision to pursue an ADA claim, Kohl's timely removed the action on the basis of Federal Question jurisdiction.

Approximately four (4) weeks after the filing of the Amended Complaint, and shortly after the Removal was effectuated, Plaintiff apparently decided that she did not wish to litigate this case in a federal forum. To accomplish that goal, Plaintiff filed a Third Amended Complaint, which eliminated all references to the ADA, and added Todd Lockwood as an individual Defendant. ECF No. 13 at p. 4-5. Simultaneous with the filing of the Third Amended Complaint, Plaintiff moved for remand on the grounds that Federal Question jurisdiction no longer exists. To justify such obvious gamesmanship, Plaintiff suggests that her prior inclusion of a cause of action arising under the ADA, and her repeated references to alleged statutory violations on the part of Kohl's was merely "inadvertent." ECF No. 12 at p. 1. Simply put, this Court should not permit or condone the blatant and transparent effort to manipulate jurisdiction, and accordingly, the Motion for Remand should be denied.

## ARGUMENT

It is well settled that district courts have the discretion to consider remand in cases involving pendant state law claims "in the manner that best serves the principles of economy, convenience, fairness, and comity." *Viar-Robinson v. Dudley Beauty Salon*, 2013 U.S. Dist. LEXIS 171383 at *28 (D. Md. Dec. 5, 2013). Under the facts and circumstances of this case, that discretion should be exercised in a manner that retains federal court jurisdiction.

Initially, it should be noted that the case was in its very early stages at the state court level. Indeed, while the parties had exchanged written discovery, only a single deposition had occurred, and no trial date ever issued. Thus, there is no legitimate argument that judicial economy would be served by remanding the case back to state court. Moreover, trying this case in the Southern Division of this Court, as opposed to the Circuit Court of Prince George's County, presents no "inconvenience" to the Plaintiff.

More fundamentally, however, in circumstances where there is a clear case of attempted forum manipulation, then this Court is empowered to consider such tactics in denying remand. Specifically, in the seminal case of *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988), the Supreme Court held that where a plaintiff has amended her complaint to delete all federal claims and simultaneously requested a remand to state court:

> [a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. ***If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.***

484 U.S. 343, 357 (1988) (emphasis added); *see also Harper v. AutoAlliance Intl., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (affirming the district court's decision to retain jurisdiction after a plaintiff amended its complaint to remove the only claim arising under federal law because there was evidence of "forum manipulation"); *Brown v. Southwestern Bell Telephone*, 901 F.2d 1250, 1254 (5th Cir. 1990) (affirming the district court's retention of state claims because courts "should consider whether the plaintiff has 'attempted to manipulate the forum' in which his case will be heard simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case, and should guard against such manipulation by denying motions to remand where appropriate") (internal citations omitted); *New Mexico v. Gen. Elec. Co.*, 467 F.3d 1223, 1243 n.29 (10th Cir. 2006) (affirming decision to retain jurisdiction after federal claims were dismissed by the plaintiff, finding it to be a "'manipulative tactic' designed to achieve a remand to state court").

There can be no doubt that the Plaintiff's actions in this case fit precisely within what the Supreme Court described as attempted "forum manipulation". It is indisputable that subsequent

to removal on the basis of Federal Question jurisdiction, Plaintiff amended her complaint to redact all references to the ADA and simultaneously moved for remand. This manipulative tactic, transparently undertaken in an attempt at forum shopping, cannot be sanctioned.

In a case markedly similar to this matter, after removal by the defendants, the plaintiff amended her complaint to delete all references to federal law and moved to remand the case to state court. *Bennett v. Beiersdorf, Inc.*, 889 F. Supp. 46, 48 (D. Conn. 1995). The court found that it was "quite clear from the fact that plaintiff filed a motion for remand at the same time as the motion to amend …that she is attempting to drop her federal claim in order to return to state court." *Id.* The court found that "[t]his is not an acceptable maneuver" and stated that "[a] plaintiff whose case has been removed to federal court cannot defeat federal jurisdiction by amending her complaint to excise the federal claims." *Id.*

Similarly, in *Greenwald v. Palm Beach County*, the Plaintiff voluntarily dismissed his federal claim after the defendants had removed the case to federal court. 796 F. Supp. 1506, 1507 (S.D. Fla. 1992). The court, however, found this course of action to be "contrary to binding precedent which holds that a district court's jurisdiction is not defeated when a Plaintiff voluntarily revises his Complaint, so as to eliminate the federal claim upon which removal is based." *Id.* Citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985), the court explained the policy behind this rule, stating:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff… cannot be condoned.

*Greenwald*, 796 F. Supp. at 1507.

Ignoring this line of cases entirely, Plaintiff cites to several cases in support of remand, none of which apply to the circumstances of this case. For example, in *Mulcahey v. Columbia Organic Chems. Co.*, the issue was whether the court had original subject matter jurisdiction over a claim for negligence that happened to reference a federal environmental statute but did not arise out of that statute. 29 F.3d 148, 150-52 (4th Cir. 1994). Here, it is clear from the allegations in the amended complaint that the cause of action in Count Three seeks damages resulting from the alleged violation of the ADA, a federal statute. But for the existence of the federal statute, no cause of action would exist. Thus, the cause of action unquestionably arises out of a federal statute, and removal was proper. In *Shamrock Oil & Gas Corp. v. Sheets*, the issue was whether a case could be removed by a plaintiff who had originally chosen the state court as its forum. 313 U.S. 100, 103 (1941). Accordingly, that case has no applicability to this litigation.

*Maryland Stadium Authority v. Ellerbe Becket Inc.* also misses the mark. In that case, there was no basis for removal because one of the plaintiffs (the University System of Maryland) was not considered the citizen of a state for purposes of establishing diversity jurisdiction because it was the "alter ego" of a governmental entity. 407 F.3d 255, 260 (4th Cir. 2005). Accordingly, the case could not be removed to federal court. *Id.* The reasoning of that case simply does not apply to the matter before this Court. Indeed, in all of the cases cited by the Plaintiff in support of remand, the initial removal was improper. Here, the Plaintiff is not arguing that the initial removal by Kohl's was in any way improper. Rather, Plaintiff incredulously argues that she "inadvertently" included a claim under a federal statute and thus, should not be bound by her own decision to pursue a federal cause of action. Such patent

gamesmanship with regard to forum cannot be tolerated, and this Court should exercise the discretion accorded to it by denying the request for remand.

WHEREFORE, Defendants Kohl's Department Stores, Inc. and Todd Lockwood respectfully request that this Court deny Plaintiff Margaret Durant's request to remand this case to the Circuit Court for Prince George's County, Maryland.

Respectfully Submitted,

/s/ Edward M. Buxbaum
Edward M. Buxbaum (Fed. Bar No. 05015)
Erin O. Millar (Fed Bar No. 28325)
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Suite 1500
Baltimore, Maryland 21202-1636
Telephone: (410) 347-8700
Facsimile: (410) 234-2377
Email: ebuxbaum@wtplaw.com
Email: emillar@wtplaw.com

*Attorneys for Defendants,*
*Kohl's Department Stores, Inc. and Todd Lockwood*

2080461