IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| **MARGARET DURANT** | : | |
|     PLAINTIFF | : | |
| | : | |
| Vs. | : | Case No.: 8:13-cv-03703-PJM |
| **KOHL'S,** *et al* | : | |
|     DEFENDANT | : | |
| | : | |

**PLAINTIFF'S REPLY TO DEFENDANT RESPONSE TO PLAINTIFF'S MOTION TO REMAND CASE TO CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY**

NOW COMES, Margaret Durant, "Plaintiff", by her attorneys KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and files this Response to Defendant's Opposition to Plaintiff's Motion to Remand Case to Circuit Court for Prince Georges, County in support thereof state:

### I. LEGAL STANDARD FOR REMOVAL

When an action is removed from state court, a federal district court is required to first determine whether it has original jurisdiction over the plaintiff's claims. The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Maryland Stadium Authority v. Ellerbe Becket Incorporated*, 407 F.3d 255, 260 (4th Cir.2005), citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). If federal jurisdiction is doubtful, a remand to state court is required. *Maryland Stadium*, 407 F.3d at 260.

## II.     ARGUMENT

Plaintiff claims are premised on State Law for Negligence. The Defendant incorrectly argues that the Plaintiff is attempting to manipulate the forum because she has filed an Amended Complaint correcting a misstatement regarding the ADA and therefore this Court should proceed notwithstanding the amendment.

It is important to the note that the Plaintiff's Motion to Remand was timely[1] filed despite the Defendant statement that Plaintiff's Motion was filed four (4) weeks after it removed this matter to this Court. In fact, the Defendant filed the Notice of Removal on December 30, 2013, and Plaintiff filed her Motion to Remand twenty (20) days later, which is well within the time allowed by the Federal Rules of Procedure. Furthermore, Plaintiff amended her Complaint as a matter of right within twenty-one (21) days of the Defendant filing the Removal.

*In Gibbs*, 383 U.S. at 726 The Court stated that: "Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surerfooted reading of applicable law."

The Supreme Court in *Cohill*, 484 U.S. at 357 stated that "This concern [about forum manipulation] . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims."); see also, *Taylor v. Giant Food, Inc., 2004 WL 2191715 (D.Md. Sept. 13, 2004).* In *Taylor,* Judge Chasanow has addressed remand in a substantially similar situation and concluded that remand was appropriate. Judge Chasnow assumed for purposes of analysis that

---

[1] 28 U.S. CODE § 1447(c), which states "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case". *See* also *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 196 (4th Cir.2008) (quoting 28 U.S. § 1447(c))

the Plaintiffs had dismissed their federal claims for the sole purpose of causing the case to be remanded back to state court. Id. at ¶2. Judge Chasnow noted that under *Brown v. Eastern States Corp.*, 181 F.2d 26 (4th Cir.1950), the Court of Appeals for the Fourth Circuit held that remand was not appropriate if a plaintiff amended the complaint to drop federal claims. *Taylor*, 1004 WL 2191715 at ¶3. However, Judge Chasnow recognized that the holding in Brown has been rejected consistently in light of *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). *Taylor*, 1004 WL 2191715 at ¶3 (citing *Fleeman v. Toyota Motor Sales*, 288 F.Supp.2d 726, 729 (S.D.W.Va. 2003); *Kimsey v. Snap-On Tools Corp.*, 752 F.Supp. 693, 695 (W.D.N.C. 1990)).

Judge Chasnow acknowledged that a plaintiff's intent in amending the complaint is one factor to consider in addressing remand, but that one factor matters little compared to the interests enumerated in *Gibbs*:

> **This court therefore considers Plaintiff's intent in amending her complaint as one factor in the question whether to remand. Here, that factor matters little compared to the interest of comity and the avoidance of "[n]eedless decisions of state law" embraced in Gibbs, 383 U.S. at 729. Because remand is favored in cases turning primarily on questions of state law, and because remand in this case otherwise turns entirely on whether questions of state law are preempted by questions of federal law, Plaintiff's intent in amending her complaint will not "diminish [her] right" to allege what she chooses.**

Taylor, 1004 WL 2191715 at ¶3.

In Re: *Green v. Baltimore City Police Dep't* (D. Md., 2011) (1:10-cv-03216), Judge Nickerson in rejecting the Defendant's reliance on *Brown v. Southwestern Bell Telephone*, 901 F.2d 1250, 1254 (5th Cir. 1990) opined that: "This aspect of *Brow*n, however, has been rejected by the Supreme Court in *Gibbs* and *Cohill*. See, e.g., *Cohill*, 484 U.S. at 357 ("This concern [about forum manipulation] . . . hardly justifies a categorical prohibition on the remand of cases

involving state-law claims."); see also, <u>Berry v. PLC, Inc</u>., Civil Action No. 06-0006, 2006 WL 1042373 (D. Md. Apr. 20, 2006)".

Judge Nickerson in *Green* also opined: "….. forum manipulation is only one factor a Court may consider when reviewing a motion to remand. Here, the balance of factors weighs in favor of *Green*, and the Court will remand this case to the Circuit Court of Maryland for Baltimore City".

Moreover like *Green*, the relevant facts alleged remain substantially the same, so the Defendant would not be prejudiced by the amendment and the subsequent remanding of this matter to Circuit Court for Prince George's County. It cannot be stated that there is evidence indicating bad faith or undue delay on the part of Plaintiff.

Defendant correctly state that Plaintiff added a claim against Todd Lockwood who was previously listed as John/Jane Doe in prior Complaints. The parties engaged in discovery prior to the removal, which is when Mr. Lockwood's involvement was discovered. There were no ulterior motives or bad faith on behalf of the Plaintiff in adding Mr. Lockwood.

The Court should also be persuaded by *Kimsey v. Snap-On Tools Corp*., 752 F. Supp. 693, 695 (W.D.N.C. 1990). The *Kimsey* Court noted that: "While Plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, . . . such a reason '. . . does not diminish the right of these plaintiffs to set the tone of their case by alleging what they choose.'") (quoting <u>McGann v. Mungo</u>, 578 F. Supp. 1413,1415 (D.S.C. 1982)).

**III.    CONCLUSION**

For the foregoing reasons, and for the reasons articulated in the Motion for Remand, the Plaintiffs request that this Court remand this case back to the Circuit Court for Prince George's County, Maryland without costs to Plaintiff.

Respectfully Submitted,

MARGARET DURANT

By: ___/s/ Kim Parker_____
     Kim Parker, Esquire
     Federal Bar No.: 23894
     LAW OFFICE OF KIM PARKER, P.A.
     2123 Maryland Avenue
     Baltimore, Maryland 21218
     410-234-2621 Office
     410-234-2612 Facsimile
     kp@kimparkerlaw.com , email

     COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing Reply to Opposition to Motion to Remand was mailed first class mail postage prepaid or by electronic mail on this **30th** day of **January ,2014** to:

Edward M Buxbaum, Esq
Erin O Brien Millar, Esq
*Via the Court's Electronic Filing System*

     /s/ Kim Parker_____
     **Kim Parker, Esq.**
     COUNSEL FOR PLAINTIFF