## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

MARGARET C. DURANT                    *

     PLAINTIFF                         *

                                        *

v.                                     *   Civil Case:  CAL-13-2175

KOHL'S DEPARTMENT STORES, INC          *

     DEFENDANT                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF SERVICE

    I HEREBY CERTIFY THAT, Plaintiff's Amended Designation of Expert was served

via electronic notice on this 23rd day of December, 2013, to:  Edward Buxbaum, and Erin Millar,

Whiteford,Taylor & Prestion, LLP, Seven St. Paul Street, Baltimore, Maryland 21202-1636.

                            /s/ Kim Parker

                            _____

                            Kim Parker, Esquire

7

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

MARGARET  C. DURANT                          *
4430 Manorview Road
Baltimore, MD 21229                           *

         PLAINTIFF                            *

v.                                            *

KOHL'S DEPARTMENT STORES, INC                 *         Civil Case: CAL 13-21759
13600 Woodale Drive
N54 W                                         *
Menomonee Falls, WI 53051
                                              *
Serve: Corporate Creations Network, Inc
2 Wisconsin Circle #700                       *
Chevy Chase, Maryland 20815
                                              *
         DEFENDANT
AND                                           *

TODD LOCKWOOD, MANAGER                        *
KOHL'S DEPARTMENT STORES, INC
12024 Cherry Hill Road                        *
Silver Spring, Maryland 20904

         DEFENDANT
*        *        *        *        *        *        *        *        *        *        *        *        *

## SECOND AMENDED COMPLAINT AND PRAYER FOR JURY TRIAL

Margaret Durant "Plaintiff" (hereinafter "Durant"), by her attorneys, KIM PARKER,

ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., sues Kohl's Department Stores.,

and Todd Lockwood, Defendants. Plaintiff adopts all prior complaints filed herein and state:

### COUNT ONE- NEGLIGENCE

1.       Plaintiff Margaret Durant is a resident of Baltimore City, Maryland.

2.       Defendant, Kohl's Department Stores, Inc.,"Kohl's" is a clothing department

store chain that has stores throughout the state of Maryland, including Prince George's County.

1

3.      Todd Lockwood agent, servant or employee of Kohl's Department Store responsible for the defective condition on the Defendant Kohl's Department Store premises that caused injury to the Plaintiff.

4.      At all times relevant herein, Plaintiff Durant was a customer/business invitee on the premises of Defendant Kohl's at Prince George's County location, which was located at 12024 Cherry Hill Rd, Silver Spring, MD 20904.

5.      At all times relevant hereto, Plaintiff conducted herself in a safe, careful and vigilant manner and exercised due care for her own safety and was not in any way contributory negligent.

6.      On July 30, 2011, Plaintiff Durant was shopping inside of Kohl's Department Stores.  Plaintiff completed her shopping and was walking towards the front of the store to get in line for the cashier to pay for her purchases.  Ms. Durant stood in the aisle waiting for her turn to approach the checkout area.  As she proceeded to the register there was a clothing rack that had legs extended out into the aisle.  Ms. Durant was look ahead and as she stepped forward her left foot became entangeled in the leg of the clothing rack causing her to fall striking body on the floor. As a result of the fall on the floor in Defendants premises, Plaintiff was caused to suffer serious injuries to her body. Plaintiff's fall occurred in the public area of Defendants premises. Plaintiff was not contributory negligent.

7.      Defendants had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee.

8.      Defendants were responsible for insuring that its property was safe for all customers entering upon its premises.

2

9.      Plaintiff Durant did not know that there was an obstruction on the floor and neither was she warned of the possibility. Plaintiff Durant was a business invitee on the Defendants property. Kohl's had a duty to maintain the safety of its property for its patrons and to protect them from any possible injury. On the aforementioned date and time of the incident, Defendants knew or should have known of the item which Plaintiff was caused to trip and fall, and that this created a dangerous hazardous condition. Moreover, Defendants knew or should have known of the potential danger it presented to Plaintiff as well as other invitees of its establishment, but took no action to limit or eliminate the danger.

10.     Defendant breached this duty of care by failing to keep an isle where it's customers are expected to traverse free of items that could cause them to trip and fall. Kohl's had a further duty to inspect its floors and walkways and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

11.     As a result of Kohl's Department Store's negligence, and that of its agent, servant and/or employee Plaintiff Durant has suffered emotional, financial and physical damages. Plaintiff Durant has suffered injuries to her left hip and head. Plaintiff will continue to suffer the physical damage as she may have suffered a permanent injury to her left hip.

12.     Specifically, Defendants breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the premises; (c) failing to keep the floor in a dry and safe condition; (d) failing to warn Plaintiff, a business invitee, of the defect; and (e) failing to correct the hazardous and dangerous defect.

**COUNT TWO - RESPONDEAT SUPERIOR**

3

13.    Plaintiff incorporates the foregoing paragraphs one to 11 by as if herein restated for reference.

14.    The Plaintiff injuries were directly and proximately caused by the negligent acts of Defendant Khol and/or its agents, who were acting within the scope of their employment with Kohls and caused the clothing rack to be placed in the path of the Plaintiff. Under Maryland Law, Defendant Kohl's is vicariously liable for all negligent acts committed by its employee(s).

## COUNT THREE-
## VIOLATION OF AMERICANS WITH DISABILITIES
## ACT (THE ADA) 42 U.S.C. §12101-122114 DISABILITY DISCRIMINATION IN
## VIOLATION OF MD. ARTICLE49B
## (FAILURE TO ACCOMMODATE)
## ALL DEFENDANT'S

15.    Plaintiff incorporates all preceding and following paragraphs hereto and as though stated at length.

16.    Plaintiff is a disabled person as intended by the American with Disabilities Act; in that, she has a physical or mental impairment that substantially limits one or more major life activities of such individual, or was regarded as having such an impairment, as set forth under 42 U.S.C. § 12102(2)(A),(C).

17.    Plaintiff is suffers from a medical condition which caused her to develop a twisted knee bone.  Plaintiff is able to ambulate and was able to ambulate without an assistive devise.  However, the Defendant's placement of the clothing rack with in its store created a hazardous condition and failed to accommodate disabled persons such as the Plaintiff.

19.    Defendant is a covered entity under the America Disabilities Act.

20.    Defendant's knowingly, intentionally, recklessly or negligently discriminates against the Plaintiff because of her disability and/or handicap. In that, it has failed to provide

4

reasonable accommodation to qualified persons suffering a disability that affects one or more of life's major actualities with or without reasonable accommodations, when such reasonable accommodations will not provide a financial hardship on the Defendant.

25.    As a direct and the proximate result of the Defendants acts and/or omissions the  Plaintiff sustained physical injury, economic injuries, humiliation, embarrassment, unnecessary pain, and a permanent injury to her hip for which the Defendant has not but is required by law to provided a remedy.

## COUNT FIVE - NEGLIGENT HIRING AND RETENTION

26.    Plaintiff incorporates all preceding and following paragraphs hereto and as though stated at length.

27.    An employer has an obligation to its business invitees and others who will come who visit there premises to provide a safe environment.

28.    Plaintiff alleges and therefore avers that Defendant Kohl's failed to hire, train and retain persons who are qualified to properly manage its store so as not to cause harm to its invitees.

29.    The aforementioned Defendant's had a duty to use reasonable care in selecting employees who were competent and fit to perform the duties of manager.

30.    A reasonable and prudent employer would not have hired a person who was not fit to perform duties of risk management and assessment of its premises.

31.    Defendant's knew or should have known that Defendant Jane/John Doe was not qualified to perform the duties of his/her position.

32.     Plaintiff was in a protected class and it would be foreseeable based on the conduct described above that such actions would occur against the Plaintiff and similarly situated invitees.

33.     Therefore, the aforementioned Defendant's owed such a duty to Plaintiff, and such duty was breached.

34.     As a result of Defendant's negligent hiring and retention of Defendant John or Jane Doe in the position of store manager, Plaintiff suffered injuries as alleged.

WHEREFORE, Plaintiff, prays judgment against the aforementioned Defendant's, in the amount of $1,000,000.00 (One Million Dollars), punitive damages of $2,000,000.00, plus her attorneys fees, cost of suit incurred, pain and suffering, compensatory damages, punitive damages prejudgment and post judgment and for other and such further relief as may be deemed just and appropriate.

Respectfully submitted,

**KIM PARKER, ESQUIRE**
**COUNSEL TO PLAINTIFF**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621, Office
(410) 234-2612, Facsimile
Email: kp@kimparkerlaw.com

## PRAYER FOR JURY TRIAL

Plaintiff respectfully prays for a jury trial in this matter on all counts herein stated in her Complaint.

Kim Parker, Esq.

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

MARGARET C. DURANT            *

      PLAINTIFF               *

                                    *

v.                                *   Civil Case:  CAL-13-2175

KOHL'S DEPARTMENT STORES, INC   *

      DEFENDANT           *

*     *     *     *     *     *     *     *     *     *     *     *     *

## NOTICE OF SERVICE

**I HEREBY CERTIFY THAT**, Plaintiff's Second Amended Complaint was served via electronic notice on this 23rd day of December, 2013, and mailed postage prepaid to: Edward Buxbaum, and Erin Millar, Whiteford,Taylor & Prestion, LLP, Seven St. Paul Street, Baltimore, Maryland 21202-1636.

                                  /s/ **Kim Parker**

                                  _____

                                  Kim Parker, Esquire

7

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| MARGARET C. DURANT | * |
| PLAINTIFF | * |
| | * |
| v. | * Civil Case: CAL-13-2175 |
| KOHL'S DEPARTMENT STORES, INC | * |
| DEFENDANT | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT,** Plaintiff's Second Amended Complaint was served via electronic notice on this 23rd day of December, 2013, and mailed postage prepaid to: Edward Buxbaum, and Erin Millar, Whiteford,Taylor & Prestion, LLP, Seven St. Paul Street, Baltimore, Maryland 21202-1636.

/s/ Kim Parker
_____
Kim Parker, Esquire

8

*Redline Copy*

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| MARGARET C. DURANT<br>4430 Manorview Road<br>Baltimore, MD 21229 | * |
| | * |
| PLAINTIFF | * |
| v. | * |
| KOHL'S DEPARTMENT STORES, INC<br>13600 Woodale Drive<br>N54 W<br>Menomonee Falls, WI 53051 | * Civil Case: CAL 13-21759 |

Serve: Corporate Creations Network, Inc
2 Wisconsin Circle #700
Chevy Chase, Maryland 20815

      DEFENDANT
AND

<u>TODD LOCKWOOD, MANAGER</u>
<u>KOHL'S DEPARTMENT STORES, INC</u>
<u>12024 Cherry Hill Road</u>
<u>Silver Spring, Maryland 20904</u>

      DEFENDANT

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## SECOND AMENDED COMPLAINT AND PRAYER FOR JURY TRIAL

Margaret Durant "Plaintiff" (hereinafter "Durant"), by her attorneys, KIM PARKER,

ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., sues Kohl's Department Stores.,

and Todd Lockwood, Defendants. Plaintiff adopts all prior complaints filed herein and state:

### COUNT ONE- NEGLIGENCE

1.     Plaintiff Margaret <u>Durant</u> is a resident of Baltimore City, Maryland.

2.     Defendant, Kohl's Department Stores, Inc.,"Kohl's" is a clothing department

store chain that has stores throughout the state of Maryland, including Prince George's County.

1

3.  Todd Lockwood agent, servant or employee of Kohl's Department Store responsible for the defective condition on the Defendant Kohl's Department Store premises that caused injury to the Plaintiff.

4.  At all times relevant herein, Plaintiff Durant was a customer/business invitee on the premises of Defendant Kohl's at Prince George's County location, which was located at 12024 Cherry Hill Rd, Silver Spring, MD 20904.

5.  At all times relevant hereto, Plaintiff conducted herself in a safe, careful and vigilant manner and exercised due care for her own safety and was not in any way contributory negligent.

6.  On July 30, 2011, Plaintiff Durant was shopping inside of Kohl's Department Stores. Plaintiff completed her shopping and was walking towards the front of the store to get in line for the cashier to pay for her purchases. Ms. Durant stood in the aisle waiting for her turn to approach the checkout area. As she proceeded to the register there was a clothing rack that had legs extended out into the aisle. Ms. Durant was look ahead and as she stepped forward her left foot became entangeled in the leg of the clothing rack causing her to fall striking body on the floor. As a result of the fall on the floor in Defendants premises, Plaintiff was caused to suffer serious injuries to her body. Plaintiff's fall occurred in the public area of Defendants premises. Plaintiff was not contributory negligent.

7.  Defendants had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee.

8.  Defendants were responsible for insuring that its property was safe for all customers entering upon its premises.

2

9.      Plaintiff Durant did not know that there was an obstruction on the floor and neither was she warned of the possibility. Plaintiff <u>Durant</u> was a business invitee on the Defendants property. Kohl's had a duty to maintain the safety of its property for its patrons and to protect them from any possible injury. On the aforementioned date and time of the incident, Defendants knew or should have known of the item which Plaintiff was caused to trip and fall, and that this created a dangerous hazardous condition. Moreover, Defendants knew or should have known of the potential danger it presented to Plaintiff as well as other invitees of its establishment, but took no action to limit or eliminate the danger.

10.     Defendant breached this duty of care by failing to keep an isle where it's customers are expected to traverse free of items that could cause them to trip and fall. Kohl's had a further duty to inspect its floors and walkways and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

11.     As a result of Kohl's Department Store's negligence, and that of <u>its</u> agent, servant and/or employee Plaintiff Durant has suffered emotional, financial and physical damages. Plaintiff Durant has suffered injuries to her left hip and head. Plaintiff will continue to suffer the physical damage as she may have suffered a permanent injury to her left hip.

12.     Specifically, <u>Defendants</u> breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the premises; (c) failing to keep the floor in a dry and safe condition; (d) failing to warn Plaintiff, a business invitee, of the defect; and (e) failing to correct the hazardous and dangerous defect.

**COUNT TWO - RESPONDEAT SUPERIOR**

3

13.     Plaintiff incorporates the foregoing paragraphs one to 11 by as if herein restated for reference.

14.     The Plaintiff injuries were directly and proximately caused by the negligent acts of Defendant Khol and/or its agents, who were acting within the scope of their employment with Kohls and caused the clothing rack to be placed in the path of the Plaintiff. Under Maryland Law, Defendant Kohl's is vicariously liable for all negligent acts committed by its employee(s).

## COUNT THREE-
## VIOLATION OF AMERICANS WITH DISABILITIES
## ACT (THE ADA) 42 U.S.C. §12101-122114 DISABILITY DISCRIMINATION IN
## VIOLATION OF MD. ARTICLE49B
## (FAILURE TO ACCOMMODATE)
## ALL DEFENDANT'S

15.     Plaintiff incorporates all preceding and following paragraphs hereto and as though stated at length.

16.     Plaintiff is a disabled person as intended by the American with Disabilities Act; in that, she has a physical or mental impairment that substantially limits one or more major life activities of such individual, or was regarded as having such an impairment, as set forth under 42 U.S.C. § 12102(2)(A),(C).

17.     Plaintiff is suffers from a medical condition which caused her to develop a twisted knee bone.  Plaintiff is able to ambulate and was able to ambulate without an assistive devise.  However, the Defendant's placement of the clothing rack with in its store created a hazardous condition and failed to accommodate disabled persons such as the Plaintiff.

19.     Defendant is a covered entity under the America Disabilities Act.

20.     Defendant's knowingly, intentionally, recklessly or negligently discriminates against the Plaintiff because of her disability and/or handicap. In that, it has failed to provide

4

reasonable accommodation to qualified persons suffering a disability that affects one or more of life's major actualities with or without reasonable accommodations, when such reasonable accommodations will not provide a financial hardship on the Defendant.

25.     As a direct and the proximate result of the Defendants acts and/or omissions the   Plaintiff sustained physical injury, economic injuries, humiliation, embarrassment, unnecessary pain, and a permanent injury to her hip for which the Defendant has not but is required by law to provided a remedy.

## COUNT FIVE - NEGLIGENT HIRING AND RETENTION

26.     Plaintiff incorporates all preceding and following paragraphs hereto and as though stated at length.

27.     An employer has an obligation to its business invitees and others who will come who visit there premises to provide a safe environment.

28.     Plaintiff alleges and therefore avers that Defendant Kohl's failed to hire, train and retain persons who are qualified to properly manage its store so as not to cause harm to its invitees.

29.     The aforementioned Defendant's had a duty to use reasonable care in selecting employees who were competent and fit to perform the duties of manager.

30.     A reasonable and prudent employer would not have hired a person who was not fit to perform duties of risk management and assessment of its premises.

31.     Defendant's knew or should have known that Defendant Jane/John Doe was not qualified to perform the duties of his/her position.

5

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

MARGARET C. DURANT                              *

    PLAINTIFF                                      *

                                                   *

v.                                              *   Civil Case:  CAL-13-2175

KOHL'S DEPARTMENT STORES, INC                   *

    DEFENDANT                                      *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF SERVICE

**I HEREBY CERTIFY THAT**, Plaintiff's Second Amended Complaint was served via electronic notice on this 23rd day of December, 2013, and mailed postage prepaid to: Edward Buxbaum, and Erin Millar, Whiteford,Taylor & Prestion, LLP, Seven St. Paul Street, Baltimore, Maryland 21202-1636.

/s/ **Kim Parker**

_____

Kim Parker, Esquire

7