IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET C. DURANT | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No.: PJM 13-3703 |
| | * | |
| KOHL'S DEPARTMENT STORES, | * | |
| INC., et al. | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Defendant Kohl's Department Stores, Inc. removed this action here from the Circuit Court from Prince George's County based on federal question jurisdiction after Plaintiff Margaret Durant amended her Complaint to include, among other things, what may or may not have been a claim for Violation of Americans with Disabilities Act (ADA). Durant then amended her Complaint to remove the ADA language, and filed a motion to remand the case to the Circuit Court. For the following reasons, Durant's Motion to Remand Case to Circuit Court for Prince George's County (Paper No. 12) is **GRANTED**.

Although federal courts have the power to exercise pendent jurisdiction to decide state-law claims in cases that also present federal questions, a federal court is directed to weigh "the values of judicial economy, convenience, fairness, and comity to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.*

The core of Durant's Complaint appears to be an action in negligence based on state law. The only claim at issue, and the basis for Defendant's removal, was entitled, "Violation of Americans with Disabilities Act 42 U.S.C. 12101-122114 Disability Discrimination in <u>Violation of Md. Article 49B</u> (Failure to Accommodate)." (Emphasis added). The styling is obviously confused: A federal cause of action is posited on the basis of a state law. The Court finds that Durant's inclusion of the ADA claim in the same count as a citation to a Maryland statute could only have been an oversight on her part, one which she has resolved in her Third Amended Complaint. Since only state law claims now remain, the Court declines to exercise pendent jurisdiction.

The Court therefore **GRANTS** Plaintiff's Motion to Remand Case to Circuit Court for Prince George's County (Paper No. 12)**.**

A separate Order will **ISSUE.**

                                                      /s/
                          **PETER J. MESSITTE**
                  **UNITED STATES DISTRICT JUDGE**

**March 12, 2014**